IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AKESA PAONGO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00290 |
| | § | |
| KROGER TEXAS L.P. D/B/A | § | |
| KROGER | § | |
|     Defendants. | § | JURY DEMANDED |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants Kroger Texas L.P. d/b/a Kroger ("Defendant") in the cause styled "*Akesa Paongo v. Kroger Texas L.P. d/b/a Kroger*" originally pending as Cause No. 048-340274-23 in the 48th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[2]

Kroger Texas L.P. (incorrectly identified as Kroger Texas L.P. d/b/a Kroger) at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio.  The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio.  Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

"Kroger Texas L.P. d/b/a Kroger and Kroger" is not a valid or currently existing entity. "Kroger Texas L.P. d/b/a Kroger and Kroger" has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about February 9, 2021, while walking towards the entrance of the store she slipped and fell on ice.  Plaintiff filed suit on February 15, 2023, in the 48th Judicial District Court of Tarrant County, Texas, alleging premises liability and negligence-based causes of action against Defendant.[3]

---

[2] *See* Plaintiff's Original Petition. attached hereto as Exhibit 2, at p.1.

[3] *Id.* at pp.2-3.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.[4] Specifically, Plaintiff seeks damages for past and future: (1) physical pain, (2) mental anguish, (3) lost wages and loss of earning capacity, (4) physical impairment, (5) disfigurement, and (6) medical expenses.[5] Plaintiff alleges damages in a monetary amount that may exceed $250,000 but not more than $1,000,000.[6] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[7]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[8] Defendant first became aware this case was removable on or about February 24, 2023, when Defendant was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on February 15, 2023.[9]

---

[4] *Id.* at p.4.

[5] *Id.* at p.3.

[6] *Id.* at p.4.

[7] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[8] 28 U.S.C. § 1446(b).

[9] *See id.*

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 48th Judicial District Court of Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of March 22, 2023);

(2) Plaintiff's Original Petition (filed February 15, 2023) with Service of Citation; and

(3) Defendant Kroger Texas, L.P.'s Original Answer (filed March 15, 2023).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
*Attorney-In-Charge*
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Rob Wright**
State Bar No. 24034184
rwright@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on March 22, 2023.

*/s/ B. Kyle Briscoe*
B. Kyle Briscoe

- 5 -